# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 17-20489-03 |
| Manual Arnulfo Barajas | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.
**OR**
☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☑ Lack of stable employment
☑ Lack of stable residence
☑ Lack of financially responsible sureties
☑ Lack of significant community or family ties to this district

☑ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☑ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Defendant is charged in a two count indictment with Possession with Intent to Distribute Heroin, Aiding and Abetting and Conspiracy to Distribute 34 kilos of heroin with a street value of $2M - $4M.  This is a presumption case. Defendant is 21 years old, single, and a life long resident of the Southern District of California.  For the past 30 days he has resided at his mother's home in West Covina, CA, but for two years prior he resided in Whittier, CA on Orange Grove Avenue.  Before that he states that he resided at the Los Alimitos race track where he has been working as a horse groomer since 2014 earning $2000 monthly.  Defendant advises that he works 12-13 hour days at the racetrack, 7 days a week, and does construction work when business is slow.  Defendant has retained counsel.  His two co-defendants also are residents of Southern California.  On July 10, 2017 a search warrant was executed at a condominium rented by Defendants in Novi, Michigan.  Present at the time of the search were Defendant and co-Defendant Scott.  Seized at the time of the execution of the search were 34 kilos of packaged heroin, $515,000 in cash, heat sealed and packaged for distribution, a heat sealing device, a digital scale, a flip phone (burner phone) which had been discarded in a wastebacket in the bathroom where Defendant was found, and Defendant Scott's flip phone.  In co-Defendant Scott's rented car (rented at Metro Airport on 6/28/17), one kilo of heroin was found.  The investigation in this case has revealed that Defendant and co-Defendant Lopez both flew in together on the red-eye the night before the search was executed, that Defendant then rented a car and drove co-Defendant Lopez to the Novi codominium,  and both were scheduled to return to LA the same day. Pretrial Services interviewed the Defendant and asked him whether he had ever traveled outside of the country.  Defendant's answer was that he had only traveled twice outside the country, once four months ago to attend a funeral, and once to attend a family reunion.  The facts of the investigation belie this statement, as records reflect that Defendant has made at least six crossings into Mexico during the past few years.  Furthermore, this Defendant has been engaged in regular short term travel between California and Detroit (five flights in 2017 alone) and that he has personally paid for others to make similar flights to and from this District from California on multiple occasions in 2016.  The government argues that all of this paid travel is for purposes of overseeing shipments of heroin and its distribution in this district.  Pretrial Services interviewed the Defendant and determined that although he has no criminal record, he poses a danger to the community and a risk of flight and recommends detention.  This Court finds that there is clear and convincing evidence (not the least of which is the astounding amount of heroin recovered in co-Defendants' rented Novi condominium on 7/10/17, described by the Government as the second largest DEA seizure of heroin ever recovered in this District, and the more than half million dollars of cash already packaged and heat-sealed for distribution), in addition to the travel mentioned above from California to this district where he has no ties whatsoever, that this Defendant poses a danger to the community, and that a preponderance of evidence demonstrates that he poses a risk of flight, based upon his travel and ties to Mexico, and his less than candid responses to Pretrial Services about the frequency of his border crossings.  The statutory factors were reviewed in detail with the Defendant in open court which demonstrate on balance that the presumption of detention has not been adequately rebutted and that  there is no condition or combination of conditions which would assure the safety of the community or the appearance of  Defendant in this Court.  Detention is therefore Ordered.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: August 4, 2017

s/Mona K. Majzoub
*Judge's Signature*

Mona K. Majzoub, U.S. Magistrate Judge
*Name and Title*