UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MANUAL ARNULFO BARAJAS**, Petitioner, v. **UNITED STATES OF AMERICA**, Respondent. | 2:17-CR-20489-TGB-EAS<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF NO. 426)** |

On October 19, 2020, Manual Arnulfo Barajas filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 426. After reviewing Mr. Barajas's motion, this Court appointed Mr. Barajas counsel who submitted supplemental briefing in support of his request for a reduction in sentence. ECF Nos. 427, 433. Having considered the materials submitted by both parties as well as publicly available data, the Court now **DENIES** the motion for compassionate release.

## I. BACKGROUND

Mr. Barajas is a 25-year-old man with asthma. He is currently serving a 135 month sentence to be followed by a five-year term of supervised release for participation in a conspiracy to distribute fentanyl and heroin. ECF No. 185, PageID.1425. Thus far, Mr. Barajas has served approximately 44 months of his sentence and his release date according to the BOP is February 7, 2027. *See* ECF No. 433, PageID.3016.

1

Currently, Mr. Barajas is incarcerated at FCC Lompoc in Lompoc, California.

## II. DISCUSSION

In determining whether Mr. Barajas is eligible for compassionate release under 18 U.S.C. § 3582(c), the Court must determine (1) whether he has exhausted his administrative remedies, (2) whether there are "extraordinary and compelling reasons" that warrant his release, and (3) whether his release would be consistent with the factors set forth in § 3553(a). *See, e.g., United States v. Agomuoh*, 461 F. Supp. 3d 626, 629-30 (E.D. Mich. 2020); *United States v. Mitchell*, 472 F. Supp. 3d 403, 406 (E.D. Mich. 2020); *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021) (clarifying that the factors in U.S.S.G. § 1B1.13 are no longer a required component of the compassionate release motion analysis for motions directly filed by defendants).

### a. Exhaustion of Administrative Remedies

The Government appears to contest that Mr. Barajas has exhausted his administrative remedies because it has "been unable to confirm through the Bureau of Prisons (BOP) whether the Warden received Barajas's request." ECF No. 440, PageID.3118. Mr. Barajas sent a request to the warden of FCC Lompoc on May 28, 2020 and—when he did not receive a response—he submitted a second request on July 9, 2020. ECF No. As of January 11, 2021, Mr. Barajas had not received denial of his request from the warden. ECF No. 433, PageID.3010. The Court finds

2

the copies of Mr. Barajas's requests for administrative remedy to be sufficient proof of his requests to the warden. See ECF No. 433, PageID.3030-33. Accordingly, because more than 30 days have passed since Mr. Barajas submitted his two requests to the warden, the Court finds that he has exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

### b. Extraordinary and Compelling Reasons

Next, the Court considers whether there are "extraordinary and compelling" reasons that justify release. Mr. Barajas asserts that he suffers from chronic asthma, which makes him "particularly vulnerable and put[s] him at a high risk" of contracting COVID-19. ECF No. 433, PageID.3013. In his request to the warden, Mr. Barajas noted that his asthma has resulted in "uncontrolled coughing, shortness of breath, difficulty breathing cold air, and heightened susceptibility to colds and the flu, particularly during the colder winter months." ECF No. 433, PageID.3014.

The Government argues that Mr. Barajas's asthma does not qualify as a chronic condition that the CDC has identified as placing an individual at a higher risk of severe illness if they contract COVID-19. ECF No. 440, PageID.3126. In particular, the Government contends that the CDC "indicates that someone with *moderate to severe* asthma *might* be at an increased risk of severe illness from Covid-19." ECF No. 440, PageID.3127 (emphasis in original). The Government also points to Mr.

3

Barajas's medical records from the Probation Department and the BOP which are "[de]void of any reference to asthma." ECF No. 440, PageID.3127. Additionally, in the supplemental motion, Petitioner admits that he "does not take medication for this ailment on a daily basis." ECF No. 433, PageID.3016.

Responding to the Government's arguments, Mr. Barajas asserts that he was diagnosed with asthma and began treatment "long before he was incarcerated." ECF No. 433, PageID.3016. Mr. Barajas included in his initial motion medical records from Dr. Stephanee Hethumuni, who asserts that Mr. Barajas was her patient from his birth to the age of 18. ECF No. 426, PageID.2969. The medical records state that Mr. Barajas was diagnosed with asthma, was given inhalers, and was advised to utilize inhalers/nebulizer machine if his asthma flared up or to seek additional medical care. *Id.* While Dr. Hethumuni has not seen Mr. Barajas since he was 18-years-old, Mr. Barajas asserts that currently his asthma results in "uncontrolled coughing, shortness of breath, difficulty breathing cold air, and heightened susceptibility to colds and the flu, particularly during the colder winter months." ECF No. 433, PageID.3014. His motion notes that these symptoms "are the classic conditions of chronic asthma identified by the Mayo Clinic." ECF No. 442, PageID.3237.

The Court finds that the case law in this circuit does not support finding Mr. Barajas's condition of asthma an "extraordinary and

4

compelling" reason justifying release. While the Sixth Circuit has recently recognized that "the CDC has identified moderate to severe asthma as a risk factor for more severe illness from COVID-19." *United States v. Montero*, __F. App'x__, No. 20-3666, 2021 WL 402464, at *2 (6th Cir. Feb. 5, 2021) (referencing Clinical Care Guidance for Healthcare Professionals About Coronavirus (COVID-19): People with Certain Medical Conditions, Centers for Disease Control, https://tinyurl.com/y3ewlf2p (last visited Jan. 25, 2021)), it is not clear from the record that Mr. Barajas's asthma is "moderate" or "severe" as required to meet the criteria outlined by the CDC. *See United States v. Smith*, No. 16-20293, WL 4791226, at *4 (E.D. Mich. Aug. 18, 2020) ("The CDC recognizes 'moderate to severe' asthma as a risk factor for COVID-19 infection, but the defendant's medical records do not indicate that his asthma meets either of those criteria."). In *United States v. Montero*, the Sixth Circuit found that the district court did not abuse its discretion when it failed to discuss the defendant's asthma in its order denying compassionate release because it was "not alleged to be moderate to severe, but was reportedly under control, and was not exacerbating his COVID-19 infection." *Id*. As in this case, in *Montero* the defendant did not provide any medical records evidencing that he had trouble breathing. *Id. See also United States v. Goodwin*, No. 17-20018, 2020 WL 4788026, at *2 (E.D. Mich. Aug. 18, 2020). He did however provide evidence that he was prescribed an inhaler. While Mr. Barajas does

5

indicate that he has "previously undergone every possible treatment for his condition without success," that he "currently suffers from uncontrolled coughing, shortness of breath, difficulty breathing cold air, and has an increased susceptibility to colds and the flu," and that due to both his "illness and isolation" he suffers from anxiety attacks, stress, and depression, he does so without the support of medical records. ECF No. 422, PageID.3237-38.

Additionally, in reviewing the case law in this circuit, the Court finds that in cases where courts have found "extraordinary and compelling" reasons justifying release where the defendant has asthma, the defendant's asthma is typically just one of multiple medical conditions creating a heightened risk for severe illness from COVID-19. *See United States v. Nazzal*, 466 F.Supp.3d 753, 758 (E.D. Mich. 2020) (determining the petitioner's risk was aggravated by his history of heart disease, hypertension, type 2 diabetes, and asthma "from which he evidently suffers daily and for which he takes medication."); *United States v. Hayes*, No. 17-20292, 2020 WL 4001903, at *1 (E.D. Mich. July 15, 2020) (granting compassionate release where the petitioner suffered from severe obesity, moderate persistent asthma, and sleep apnea). Even the two cases cited by Petitioner for the proposition that "a defendant who suffers from serious medical conditions such as asthma combined with a valid threat of contracting COVID-19 may qualify as 'extraordinary and compelling reasons for release'" are distinguishable

6

from the facts before us. For example, in *United States v. Rucker* not only did the Court recognize that the defendant's most serious condition was HIV, but also—unlike Mr. Barajas—the medical records indicated that he had "sought emergency treatment for compromised breathing as a result of an asthma attack," he had "been observed with breathing problems," and he was prescribed an inhaler. No. 17-20716, 2020 WL 7240900, at *3 (E.D. Mich. Dec. 9, 2020). Here, the medical records provide no such information. Similarly, in *United States v. Allsbrock*, the defendant had both asthma *and* sleep apnea. No. 1:17-cr-74-7, 2020 WL 7202577, at *1 (S.D. Ohio Dec. 7, 2020). Mr. Barajas does allege that as a result of his illness he also suffers from anxiety attacks, stress, and depression, but the CDC has not recognized these as medical conditions which create a heightened risk for severe illness nor are these conditions supported by medical records.

Nevertheless, the Court acknowledges that if Mr. Barajas' self-reported symptoms were to be accepted, without requiring support from the medical records, this would be a closer call. Due to Mr. Barajas's incarceration he is unable to control his environment and "he is at the mercy of the BOP to oversee these things." ECF No. 442, PageID.3238. The Court also knows that the COVID-19 pandemic is causing genuine stress and anxiety and that those who are incarcerated are uniquely at risk. *See COVID-19 Cases and Deaths in Federal and State Prisons Significantly Higher Than in U.S. Population*, JOHNS HOPKINS

BLOOMBERG SCHOOL OF PUBLIC HEALTH, https://perma.cc/V6SU-XC7Q (July 8, 2020) (summarizing analysis by researchers that found "that the number of U.S. prison residents who tested positive for COVID-19 was 5.5 times higher than the general U.S. population."). But applying the relevant case law, the Court is unable to ascertain without medical records that Mr. Barajas's asthma is moderate or severe. The only medical record Petitioner points to is from his childhood doctor who notes that he was diagnosed with asthma, but that "[h]e was advised if asthma flares up to start on neubelizer machine/inhalers go to Emergency room, call office to schedule appointment." ECF No. 426, PageID.2969. While the Court does not discount Mr. Barajas's own account of his symptoms, there are no medical documents which indicate that Mr. Barajas has sought treatment for asthma since he was 18-years-old. Without any medical records, the Court cannot find that his asthma is moderate or severe.

Accordingly, the Court concludes that Mr. Barajas has not presented "extraordinary and compelling" reasons to justify release. Because the Court finds that Mr. Barajas does not meet the second required element required for compassionate release under 18 U.S.C. § 3582(c), the Court need not articulate a detailed analysis of the factors in 18 U.S.C. § 3553(a) and whether they weigh against or in support of release. *See Elias*, 984 F.3d at 519 ("Further, we clarify that, as in *Jones* and *Ruffin*, district courts may deny compassionate-release motions

8

when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."). But the seriousness and danger associated with the nature and circumstances of the offense of conviction in this case, involving concerted conduct with others to distribute multiple kilos of fentanyl and heroin from Mexico to Michigan, would clearly weigh against early release, as would the factors of deterrence and protection of the public. So the Court would be unlikely to find after a full discussion of all the § 3553 factors that Mr. Barajas was eligible for compassionate release even if the medical records demonstrated moderate to severe asthma.

### III. COVID-19

Although the Court concludes that Mr. Barajas is not eligible for release, as this Court has done in previous orders, the Court would like to highlight its ongoing concerns about how BOP facilities are responding to the COVID-19 pandemic. *See United States v. Brown*, __F.Supp.3d__, No. 2:18-cr-20293-TGB, 2021 WL 388465, at *2 (E.D. Mich. Feb. 4, 2021). Despite the Government's contention that the BOP has taken precautions to mitigate risk within its facilities, the Government's position is not reassuring given the astronomical rates of infection at FCC Lompoc. Over time, this facility has had 857 inmates infected with COVID-19, 5 deaths, and currently has 1 active case. *See Dashboards of BOP COVID-19 Cases*, OFFICE OF THE INSPECTOR GENERAL, https://perma.cc/83TS-WCPE. Additionally, Mr. Barajas alleges that he

9

is unable to properly social distance due to the "densely populated living conditions" and that there is a "dearth of soap, hand sanitizer, and protective gear." ECF No. 433, PageID.3019. Mr. Barajas's allegations are supported by the Office of Inspector General's report of FCC Lompoc. *See* ECF No. 433, PageID.3042. The OIG's remote inspection of FCC Lompoc found a preexisting shortage of medical staff, a lack of hygiene supplies for inmates, and insufficiencies in implementation of staff movement restrictions, screening processes, testing, and isolation. ECF No. 433, PageID.3043. The Court acknowledges that Mr. Barajas has had access to COVID-19 testing and has even received the first dose of the Pfizer vaccine—both of which are positive developments likely to protect his health. But these are fundamentally basic practices which the Court continues to assert BOP has a solemn obligation to supply to those who are incarcerated as soon as possible. However, in addition to testing and vaccinations, it remains the obligation of the BOP to ensure that all inmates are housed in conditions that genuinely reduce the risk of exposure to the virus—including by following and rigorously implementing CDC guidelines.

## CONCLUSION

Mr. Barajas's motion for compassionate release is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated: February 26, 2021    s/Terrence G. Berg
                                                     TERRENCE G. BERG
                                                     UNITED STATES DISTRICT JUDGE