UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **MANUAL ARNULFO BARAJAS**, Defendant. | 2:17-CR-20489-TGB-EAS-3 HON. TERRENCE G. BERG **ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE (ECF NOS. 535, 662)** |

On May 19, 2022, Manual Arnulfo Barajas filed his second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and requested that counsel be appointed in the matter. ECF No. 535. The government responded opposing early release in May 2023. ECF No. 683. His first compassionate release motion was filed in October 2020 and denied in February 2021. ECF No. 426, 449. After reviewing Mr. Barajas' instant motion and considering the materials submitted by both parties, the Court **DENIES** the motion for compassionate release.

## I.  BACKGROUND

Mr. Barajas is a 28-year-old man with asthma. He was sentenced to 135 months in prison (release date February 7, 2027) followed by a five-year term of supervised release for participation in a conspiracy to distribute heroin. ECF No. 185, PageID.1425. According to the Bureau of Prisons, his release date has been shortened to March 6, 2025. See ECF

1

No. 683, PageID.6405. Mr. Barajas is currently incarcerated at RRM Long Beach in San Pedro, California.

## II.     LEGAL STANDARD

There is no right to counsel in compassionate release matters. *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021).

After the defendant has satisfied the administrative exhaustion requirement of the First Step Act, *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020), the Court may review the "three substantive requirements" for granting compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

First, the Court must find the existence of "extraordinary and compelling reasons" warranting the reduction. *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

Second, the Court must find that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But absent "an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).

Third, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). These factors account for the defendant's recidivism risk, danger to the public, seriousness of the offense, and how to provide the

defendant with "medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)–(D).

### III. DISCUSSION

Barajas will not have an attorney in this matter, as it beyond the first appeal of right, and he is not entitled to one. *See Manso-Zamora*, 991 F.3d at 696. The Court notes that he was appointed counsel to provide supplemental briefing for his first compassionate release filing, but that was an exception during the height of the COVID-19 pandemic and is not the rule. ECF No. 427.[1]

The Government "concedes" that Barajas has satisfied the First Step Act's exhaustion requirement. ECF No. 683, PageID.6405–06. Therefore, the Court must evaluate whether there are extraordinary and compelling circumstances warranting Barajas' release and whether the pertinent sentencing factors under 18 U.S.C. § 3553(a) support compassionate release.

**A. Extraordinary and Compelling Circumstances**

While this Court and others have held that BOP's egregious mismanagement of serious health conditions can qualify as an extraordinary and compelling reason to support compassionate release,

---

[1] As this Order was being finalized, the Court noted that an appearance by Attorney Daniel Dena of the Federal Community Defender Office was filed in the docket on October 13, 2023. However, no pleadings or motions have been filed since that time. If there are new grounds for relief that Mr. Dena wishes to bring to the Court's attention, nothing prevents him from doing so.

3

a review of the record evidence shows that such circumstances are not present here.

The Sixth Circuit held that "when the defendant has access to the COVID-19 vaccine," there are no "extraordinary and compelling" reasons arising from COVID-19 exposure warranting sentence reduction. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Barajas has been fully vaccinated against COVID-19 but not boosted as of January 2022, though he requested that shot after refusing it in December 2021. ECF No. 535, PageID.4172, 4205, 4202. Therefore, the Court focuses solely on Barajas' entitlement to compassionate release based on BOP's alleged failure to provide ample room for social distancing and safety from a prison riot. ECF No. 662, PageID.6241.

Barajas' underlying health condition is asthma, which he uses an inhaler twice daily to manage, and he noted chest tightness and breathing difficulties due to his asthma or perhaps "Long COVID." ECF No. 662, PageID.6240. He expressed his fear about contracting COVID-19 again. *Id.* Barajas has not shown that extraordinary and compelling circumstances warrant his release. The record here does not sufficiently demonstrate that Barajas' fear of contracting COVID-19 and its potential complications with his asthma in the prison environment and other challenges in managing prisoner safety (e.g., lockdowns, violent riots) create a serious risk to his continuing health and welfare.

### B. Application of the § 3553(a) Sentencing Factors

The Court must also consider whether the § 3553(a) factors weigh in favor or against Barajas' release. Barajas specifically raised that he was not eligible for time credits for recidivism reduction programs under the First Step Act and that inability would render his imprisonment term harsher than others who are similarly situated and eligible for time credits to reduce their sentences. ECF No. 535, PageID.4172–73. The Court construes this to invoke "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). However, as the government raised, the issue is moot since he is enrolled in the Residential Drug Abuse Program ("RDAP") and participating in recidivism programming. ECF No. 683, PageID.6408; ECF No. 662, PageID.6240–41. He is now set to be released nearly two years ahead of schedule. ECF No. 683, PageID.6408.

Barajas wrote: "I have a home to be released to, I have opportunity for occupation upon release, and am not in any way a danger to the community as a whole." ECF No. 662, PageID.6241. Nevertheless, the Court maintains its concerns about the first § 3553 factor, the nature and circumstances of Barajas' offense, which has not changed, as it expressed in the first compassionate release request.

> "[T]he seriousness and danger associated with the nature and circumstances of the offense of conviction in this case, involving concerted conduct with others to distribute multiple

kilos of fentanyl and heroin from Mexico to Michigan, would clearly weigh against early release, as would the factors of deterrence and protection of the public. So the Court would be unlikely to find after a full discussion of all the § 3553 factors that Mr. Barajas was eligible for compassionate release even if the medical records demonstrated moderate to severe asthma."

ECF No. 449, PageID.3324.

For the same reasons here, consideration of the § 3553(a) factors counsels strongly against granting Barajas' compassionate release motion.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 23, 2023        s/Terrence G. Berg
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE